## Jacob Pfeil, Plff. in Err., *v.* William McCallin et al.

In cases involving the question of fraud in fact, wide latitude is usually given to the admission of evidence tending to establish the alleged fraud.

### (Decided November 9, 1885.)

Error to the Court of Common Pleas, No. 2, of Allegheny County to review a judgment for defendants in an action of trespass. Affirmed.

This action was brought by Jacob Pfeil, against Wm. McCallin, sheriff, and John S. Myers, for levying on and taking away certain cattle which plaintiff alleged belonged to him. The contentions of the parties appear in the following statement given by the court below in its charge:

"The plaintiff alleged that, being apprised by one Jacob Nusser of what he considered was a speculation in a herd of cattle in the neighborhood, he authorized Nusser to negotiate for the cattle and buy them for him, Pfeil, and gave him the money to pay for them; that Nusser did so; and when bringing the cattle from the place of purchase to his, Pfeil's, house, on the south side in the city of Pittsburg, that John S. Myers, one of the defendants, being a creditor of Jacob Nusser, imagining that this thing was a fixed-up job between Pfeil and Nusser, and that the cattle were really Nusser's, issued an execution, put it into the hands of the sheriff, and, on giving an indemnifying bond, levied on the cattle of Pfeil and took them and sold them at public sale; the larger portion being bought in by Pfeil and the balance by Myers himself."

Myers, the real defendant in the case, admitted that he took the cattle, but alleged that Jacob Nusser was his debtor to a large amount; that these cattle were not Pfeil's; that they were Nusser's, operating under the name of Pfeil; that he bought them with his, Nusser's, money; and that plaintiff's claim was

---

NOTE.—See note to Nusbaum v. Louchheim Bros. *ante,* 109.

for the purpose of defrauding him of his just dues. Evidence having been offered and admitted for the purpose of establishing fraud, a verdict was returned for defendants; and from the judgment entered thereon plaintiff brought error

*T. H. Davis* and *J. P. Hunter* for plaintiff in error.

*Hays & Noble* and *Weir & Garrison* for defendants in error.

PER CURIAM:
There was no error in admitting the evidence covered by the several assignments. The question being one of fraud in fact, a pretty wide latitude is given to the admission of evidence tending to establish the alleged fraud.

Judgment affirmed.